UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| MOTHERWORDS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KATE HOPPER, )<br>KATE HOPPER, LLC )<br>)<br>Defendants. )<br>) | Civil Action No. _____ |

## VERIFIED COMPLAINT

### Introduction

1. This is an action for infringement of a federally registered trademark and unfair competition under sections 1 and 2 of the Federal Trademark Act, 15 U.S.C. §§1051 *et seq*, premised on Defendant's use and intended continued use of the mark MOTHER WORDS, which violates Plaintiff's superior rights to the registered trademark MOTHERWORDS. Defendant's use of this name is likely to cause confusion, mistake, or deception. Plaintiff seeks injunctive relief, damages, and attorneys fees.

### Jurisdiction and Venue

2. In part, this case arises under federal trademark law conferring federal question jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.

3. This Court also has diversity jurisdiction under 28 U.S.C. §1332 because of the diverse nature of the parties and the amount of the matter in controversy exceeds $75,000.

4. This Court has original jurisdiction over Plaintiff's state law unfair competition claim pursuant to 28 U.S.C. §1338(b) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Personal jurisdiction is proper because Defendant's actions causing injury to Plaintiff took place in Massachusetts and because Defendants have transacted business in Massachusetts.

6. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial portion of the acts or omissions giving rise to the claim occurred in this District and because the Defendants are subject to personal jurisdiction in this District.

### Parties

7. Motherwords, LLC is a Massachusetts Limited Liability Company with a principal place of business at 30 Juniper Road, Andover, MA 01810. Sarah Teres ("Teres") is the sole member and manager of Motherwords, LLC.

8. Defendant Kate Hopper ("Hopper") is an individual who, upon information and belief, resides in the State of Minnesota, at 2832 37th Avenue South, Minneapolis, MN 55406.

9. Defendant Kate Hopper, LLC is, upon information and belief, a limited liability company with a principal place of business at 2832 37th Avenue South, Minneapolis, MN 55406. Upon information and belief, Hopper is its only member and manager.

### Background Facts

10. On April 14, 2007, Teres applied to register the MOTHERWORDS mark with the

United States Patent and Trademark Office ("PTO"). The PTO published it for opposition on October 17 2007. On April 15, 2008, the PTO granted to Teres a trademark in two classes in MOTHERWORDS, trademark registration no. 34/12,473. On April 15, 2008, the PTO approved the application and issued a Certificate of Registration under Registration Number 34/12,473. A copy of the trademark is attached as Exhibit 1.

11. Teres assigned the trademark to Motherwords, LLC on May 1, 2011.

12. The registration covers two different classes of goods and services: IC 16 (paper goods and printed matter, including magazines, printed products, and promotional printed products) and IC 041 (education and entertainment, including interactive online web journals, online electronic publishing of books and periodicals, online magazines, and continuing education services).

13. Since at least as early as 2006, Teres used the name MOTHERWORDS in conjunction with the development of a magazine, comprehensive website, and blog. Motherwords, LLC publishes magalogs associated with the Motherwords magazine. A magalog is a promotional copy of a magazine and also a descriptive catalog used by many brands. These magalogs have been published on and off for the past 4 years and consist of both magazine content and items available for sale. Teres uses MOTHERWORDS as her twitter name, and send tweets and messages under that name, and she uses MOTHERWORDS on Facebook. Teres blogs for the local Patch.com and lists her information as MOTHERWORDS.

14. In March of 2008, Teres lawfully acquired the domain name (<www.motherwords.com>) from Cathy Allison, an individual who held the first use rights and had used the website to host a personal blog named MOTHERWORDS beginning in 1999.

15. In March and April of 2007, Teres began publishing first run "dummy" issues of MOTHERWORDS magazine ("the magazine") in order to obtain advertisers and determine the scope of the readership in 2007. The first mailing of the first run of the magazine took place on May 15, 2007.

16. By July 2007, Teres used the Motherwords website (www.motherwords.com), with its format consisting of a blogging area for writers and readers of the magazine.

17. In January 2008, Teres officially launched the magazine MOTHERWORDS. Teres sent the magazine to subscribers generated by the "dummy" issues and the magazine was available for sale.

18. Teres published six issues of the magazine MOTHERWORDS between January 2008 and December 2008.

19. Beginning in April 2009, Teres produced the magazine MOTHERWORDS in the form of magalogs for a variety of clients.

20. The Motherwords website has been active since July 2007 and is still currently online and available. In August 2010, Teres changed formats in preparation for an upcoming launch. The website prior to August 2010 was available in a blog format that permitted readers to post articles or comments and make comments on articles written by others.

## Defendants' Infringing Activities

21. Defendants do not own a federally registered trademark in the name MOTHER WORDS. Defendant Hopper applied for trademark protection of MOTHER WORDS with the PTO (application serial number 85/154,283) on October 15, 2010, over two years after the PTO registered Teres' trademark for MOTHERWORDS.

22. The PTO refused defendant's trademark application "because of a likelihood of confusion with" Teres' registered trademark. The PTO stated that Teres' trademark "provides 'General features magazines' and 'magazine publishing' in connection with the mark MOTHERWORDS." The PTO further stated that "the marks MOTHER WORDS and MOTHERWORDS look and sound familiar" and that the marks "are confusingly similar and impart a similar commercial impression." The PTO concluded that because "the purchasing public would confuse the goods and services as originating from the same source", it "refused registration of the applicant's mark under Trademark Act Section 2(d), 15 U.S.C. §1052(d)." *See* Office Action, dated February 2, 2011, copy attached as Exhibit 2.

23. In 2006, Defendant Hopper entered into negotiations to teach a course at The Loft, a Minnesota writing center, under the title "MOTHER WORDS" which taught students interested in writing about certain aspects of motherhood. Defendant Hopper promoted the course through a website using the term MOTHER WORDS.

24. In 2007, Defendant Hopper began teaching the MOTHER WORDS writing

course and published an online blog featuring the term MOTHER WORDS under the domain name motherswhowrite.blogspot.com.

25. Defendants Hopper and Kate Hopper, LLC continue to offer the MOTHER WORDS writing course and maintain the blog motherswhowrite.blogspot.com despite having knowledge of Plaintiff's trademark in MOTHERWORDS and despite rejection of defendant Hopper's trademark application.

26. Defendants' use of the mark MOTHER WORDS infringes on Plaintiff's federally registered MOTHERWORDS trademark and injures Plaintiff's reputation and dilutes the quality of Plaintiff's registered trademark. In September 2007 and again in October of 2010, Teres contacted Hopper to request that she cease and desist using the mark MOTHER WORDS in connection with her teaching activities. In connection with Defendants' use of MOTHER WORDS Defendant Hopper has taught classes in Massachusetts and has otherwise taught Massachusetts residents.

27. Defendant Hopper encouraged her students to submit their works of authorship to the Plaintiff magazine and blog for publication.

## Count 1

**INFRINGEMENT OF REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114(b)**

28. Plaintiff repeats and realleges and incorporates by reference the allegations above.

29. Plaintiff owns the federally registered trademark MOTHERWORDS. Defendants do not own a registered trademark for MOTHER WORDS.

30. Defendants have no colorable basis for asserting common law trademark rights to MOTHERWORDS.

31. Defendants' use of MOTHER WORDS in connection with advertising Hopper's writing course and blog is likely to cause confusion, mistake, or deception due to the similarity between this mark and Plaintiff's registered trademark in MOTHERWORDS.

32. As a result of the infringing acts of the Defendants, Plaintiff currently suffers and will continue to suffer harm.

## COUNT 2

**FALSE REPRESENTATION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a)**

33. Plaintiff repeats and realleges and incorporates by reference the allegations above.

34. Plaintiff's trademark in MOTHERWORDS has been registered with the United States Patent & Trademark Office since April 15, 2008. Plaintiff has openly and continuously used the trademark MOTHERWORDS in connection with publishing a magazine and blog on the subject of motherhood and children.

35. Teres has used the MOTHERWORDS trademark continually and openly since 2006 to identify and differentiate her magazine and interactive blog.

36. There is goodwill associated with Plaintiff's MOTHERWORDS registered trademark, and this goodwill was and is harmed by Defendants' continuing infringing activities.

37. Despite having knowledge of Plaintiff's registered trademark and without Plaintiff's authorization or consent, Defendants used MOTHER WORDS to directly compete with Teres and Plaintiff in offering services or goods for use in commerce.

Defendants' persistent use of this infringing mark is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of the words MOTHER WORDS with Plaintiff, or as to the origin, sponsorship or approval of defendant's activities by Plaintiff.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage to a valuable trademark in MOTHERWORDS and other related damages. Unless enjoined, Plaintiff will continue to suffer further and additional harm.

## COUNT 3

### VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION STATUTE AND DILUTION (Mass. Gen. Laws. Ch. 110H, sec. 13 and Mass. Gen. Laws c. 93A, § § 2 and 11)

39. Plaintiff repeats and realizes and incorporates by reference the allegations set forth in the previous paragraphs.

40. At relevant times, Plaintiff and Defendants have been engaged in trade and commerce in the Commonwealth of Massachusetts, and Defendants' infringing actions constituting unfair competition and dilution have occurred within the Commonwealth of Massachusetts.

41. On information and belief, Defendants' course and blog were available in Massachusetts.

42. Defendants have knowingly and willfully made representations to the public using the MOTHER WORDS name without consent of the Plaintiff, which is likely to cause confusion and deception. Defendants' use of this mark is likely to dilute the distinctive quality of the MOTHERWORDS name and the registered MOTHERWORDS trademark.

43. As a result of these acts of Defendants, Plaintiff suffers and will continue to suffer damage and irreparable harm unless Defendant is preliminary enjoined by this Court.

WHEREFORE, Plaintiff hereby demands the following relief:

A. On its first count, that the Court find Defendants acts constitute infringement in violation of the Federal Trademark Act, 15 U.S.C. sec. 1114(b).

B. On its second count, that the Court find Defendants' acts constitute a violation of the Lanham Act, 15 U.S.C. §1125(a).

C. On its third count, that this Court find the Defendants' acts constitute (1) unfair competition in violation of Mass. Gen. Laws c. 93A, § § 2 and 11, and (2) dilution in violation of Mass. Gen. Laws c. 100H, § 13.

D. That this Court issue a preliminary and permanent injunction preventing the Defendants, their agents, servants, employees, and all persons in concert or participation with her from using:

   (1) MOTHER WORDS directly or indirectly, or any other word or combination of words similar to MOTHERWORDS which is confusingly similar and would likely cause mistake or deception;

   (2) Putting forth services or goods for sale, license, or otherwise to third parties related to the MOTHER WORDS service mark or any similar mark;

   (3) Unfairly competing with Plaintiff in any manner; and

    (4) Causing a likelihood of confusion or injuries to Plaintiff's business reputation and goodwill.

E. That Defendants be directed to file with this Court and serve Plaintiff within thirty (30) days after the service of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

F. An order directing Defendants to destroy all existing materials bearing the mark MOTHER WORDS or any similar mark, word or name.

G. An order directing Defendants to transfer their registration for the domain names http://www.motherswhowrite.blogspot.com/ and any additional confusingly similar domain names to Plaintiff.

H. Damages, including Defendants' profits and actual damages suffered by Plaintiff as a result of Defendant's acts of infringement and unfair competition.

I. Treble damages on Plaintiffs claims under the Lanham Act and G.L.c. 93A; and

J. Costs and attorneys' fees under G.L.c. 93A.

K. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DONOVAN HATEM, LLP

/s/ Damian R. LaPlaca
Damian R. LaPlaca (BBO No. 55139)
dlaplaca@donovanhatem.com
Sarah Willey (BBO No. 633504)
swilley@donovanhatem.com
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 406-4500
Facsimile: (617) 406-4501

June 13, 2011

*Attorneys for Plaintiff, Motherwords, LLC*

## VERIFICATION

I, Sarah Teres state that I read the foregoing Verified Complaint, and verify that the statements contained therein are true and accurate based upon my personal knowledge, except as those stated upon information and belief, and with respect to those statements, I believe them to be true.

SIGNED THIS 13 DAY OF JUNE, 2011 UNDER THE PAINS AND PENALTIES OF PERJURY.

MOTHERWORDS, LLC

By: Sarah Teres

01340834

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DONOVAN HATEM, LLP

/s/ Damian R. LaPlaca
Damian R. LaPlaca (BBO No. 55139)
dlaplaca@donovanhatem.com
Sarah Willey (BBO No. 633504)
swilley@donovanhatem.com
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 406-4500
Facsimile: (617) 406-4501

*Attorneys for Plaintiff, Motherwords, LLC*

Dated: July 12, 2011

01340834